The Bank of Port Gibson *v.* Glendy Burke and others.

A debtor of plaintiffs', both being non-residents, consigned a lot of cotton to defendants who were commission merchants in New Orleans, for sale. In the bill of lading,

---

which was filled up by one of the latter, it was mentioned, that "the proceeds shall be subject to the order of the plaintiffs." Defendants having sold the cotton, attached the proceeds in their own hands for a debt due to them by the consignor. *Held*, that defendants having received the cotton in virtue of the bill of lading, and sold it, were bound to carry out their agency, and to account to plaintiffs for the proceeds.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Micou* and *F. B. Conrad*, for the appellants. The contract between Conger and the defendants, as established by the bill of lading, was a *stipulation pour autrui*. Civil Code, arts. 1884, 1896. 4 Mart. N. S. 668. 5 La. 316.

*Grymes*, for the defendants.

BULLARD, J. The Bank of Port Gibson represents, that one John B. Conger, being largely indebted to them by notes, and willing to make provision for the payment by a shipment of cotton to New Orleans, the proceeds when sold to be applied accordingly, did ship one hundred and fifty bales of cotton to the defendants, Burke, Watt & Co., who undertook to sell the cotton, and hold the proceeds subject to the plaintiff's order. That according to the tenor of the bill of lading, which was filled up by one of the defendants, the cotton was to be sold for account of the plaintiffs, and the proceeds held subject to their order; but the plaintiffs allege, that the defendants received the cotton, sold the same, and instead of holding the proceeds subject to plaintiffs' order, neglect and refuse to pay the same over to their order.

The defendants set up a special exception and plea in bar. They allege that the same John B. Conger, who appears to be the shipper of the cotton, being largely indebted to them, they instituted suit against him by attachment, and caused the same 150 bales of cotton to be seized and attached as his property, and that such proceedings were had, that the said cotton was duly declared and adjudged to be subject to their attachment. They, therefore, conclude that the plaintiffs cannot maintain the present action.

In case this exception should be overruled, they further answer by denying all the allegations contained in the petition, and averring that the plaintiffs never had any right, title, or possession,

in, to, or of the said 150 bales of cotton, nor any lien or privilege on the same, but that the same was, in law and justice, liable to the attachment and judgment of the respondents, and was justly and legally decreed, to be applicable to the defendants, attachment, and to the satisfaction of the judgment recovered in the Parish Court. They further plead, that the plaintiffs in their corporate capacity, and under their charter could not, under the circumstances of this case, acquire any such right, title, interest, or lien as they set up in their petition.

The District Court sustained this plea, and gave judgment for the defendants. The plaintiffs have appealed.

The facts are simple and undisputed. Conger called at the Bank, and informed the Cashier, that he had one hundred and fifty bales of cotton ready to ship for their account, the proceeds to be credited on his notes to the Bank. The Cashier, being short of clerks at the time, requested Conger himself to make the shipment, and take the bill of lading. This was assented to, and, the name of Bogart mentioned as the general agent of the Bank in New Orleans, but he was not instructed to ship to him. When the boat stopped to take in the cotton, Watt, one of the house of Burke, Watt & Co., was on board, and solicited the commissions on the sale of the cotton for his house. Whereupon the bill of lading was filled up by Watt, containing these expressions : "*proceeds of the above to be subject to the order of the Port Gibson Bank.*" The cotton was received in New Orleans, sold by the house, and afterwards the proceeds attached in the hands of the consignees, to pay a debt due to themselves by Conger.

If any other than the consignors had levied the attachment, it might be perhaps a fair subject of discussion, whether Conger, by taking such a bill of lading and handing it over to the Bank, had so far placed the cotton beyond his control as to protect it from attachment by his creditors. Be that as it may, and admitting it as doubtful, yet we are clear, that the defendants, having received the cotton in virtue of the bill of lading, and having sold it, were bound to carry out their agency, and to account for the proceeds to the plaintiffs. The attachment added nothing to the defence of Burke, Watt & Co. According to the argument of their counsel, compensation took place as soon as they had sold the cotton, and

the obligation to pay over was extinguished by a liquidated debt due to them by Conger. This argument supposes that they were to pay or account to Conger, whereas they had come under a positive engagement to pay over to the Bank, for whose benefit the shipment was made. They dealt with Conger as the agent of the Bank, and cannot now be permitted to go counter to the engagement contained in the bill of lading.

The only exception to the capacity of the plaintiffs, is a denial of their corporate capacity to acquire such a title, interest, or lien as they assert in this case. Their authority to contract in Mississippi, where this arrangement appears to have been entered into, cannot be questioned under their charter ; and no good reason has been shown why it should not be carried into effect here. Good faith requires that it should be.

The judgment of the District Court is, therefore, avoided and reversed; and it is further adjudged and decreed, that the plaintiffs recover of the defendants, *in solido*, the sum of six thousand six hundred and fifty-one dollars and seventy-five cents, with interest at five per cent. from judicial demand, to wit, February 27, 1840, until paid, with the costs in both courts.